**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERICA GRANADOS MARQUEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1643<br><br>Agency No.<br>A202-131-997<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2023[**]
Pasadena, California

Before: PARKER,[***] BYBEE, and DESAI, Circuit Judges.

Petitioner Erica Granados Marquez ("Ms. Granados") petitions for review of

a Board of Immigration Appeals ("Board") decision dismissing her appeal of an

immigration judge's denial of her applications for asylum, withholding of removal,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties agreed and the panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2), (f).

[***]    The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). We review de novo whether a petitioner exhausted her administrative remedies, *see Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 961 (9th Cir. 2006), and we review for substantial evidence the Board's denial of asylum, withholding of removal, and CAT claims, *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We deny the petition for review.

First, we decline to consider Ms. Granados's unexhausted asylum and CAT claims. 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). The immigration judge denied Ms. Granados's asylum claim as untimely because Ms. Granados's counsel conceded that no exceptions to the one-year filing deadline applied. The immigration judge also denied Ms. Granados's CAT claim because she did not show "consent or acquiescence of the Mexican government." Ms. Granados never addressed either issue in her appeal to the Board. She thus failed to exhaust her asylum and CAT claims. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust . . . .").

Second, substantial evidence supports the Board's denial of Ms. Granados's withholding of removal claim. Ms. Granados asserted that she was a member of the particular social group "Mexican women who are unable to leave their

relationships with former partners under the threat of death." Ms. Granados testified that a man who lived in her town in Mexico kidnapped and assaulted her in 2002. She was never "in a relationship with" this man, and she never heard from him again. Substantial evidence supports the Board's determination that Ms. Granados is not a member of her asserted particular social group because she did not show she was unable to leave a relationship. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020) (recognizing that in addition to "establishing the 'existence' of a cognizable social group," there is "a separate requirement [of] establishing 'membership' in the group" (quoting *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016))).

We decline to consider any other issues not raised in the opening brief or addressed by the Board. *Hui Ran Mu v. Barr*, 936 F.3d 929, 936 n.12 (9th Cir. 2019) (explaining that a petitioner waived any challenge to an issue she did not raise in her opening brief); *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

**DENIED.**